Mr. Justice
Moore delivered the opinion of the Court.
Petitioner was defendant named in an action commenced in the respondent district court, in which he filed a “Motion to Quash the Alleged or Pretended Service of Summons” asserting that no service had actually been made upon him. The respondent court denied the motion. Thereupon a petition was filed in *135 voking the original jurisdiction of this court in which petitioner sought the entry of orders as follows:
“1. Directing the issuance of a citation to defendants to show cause why proceedings in Civil Action No. B-58375 in the District Court in and for the City and County of Denver in the State of Colorado should not permanently be stayed until proper personal service is obtained upon this plaintiff.
“2. Ordering such proceedings to be stayed while this action is pending.
“3. Upon final hearing, ordering a permanent stay of such proceedings until proper personal service is obtained upon this plaintiff.”
Upon ex parte consideration of the petition this court issued a rule to show cause. Respondents have made answer from which it is made clear that all the pertinent facts were not set forth in the petition on which the rule to show cause was issued. Petitioner alleged that no service had been made upon him but was made upon one Don Kotzman, who had no connection whatever with the action.
It is shown by the answer that on January 17, 1963, the trial court conducted a hearing upon the motion filed by the petitioner to quash the alleged service of summons. At that hearing the trial court considered the affidavits filed in support of the motion. The plaintiff in the action gave pertinent oral testimony; the process server, one Robert Wertz, also testified; and one Vance B. Sanders, a disinterested party, stated that he had witnessed the service of summons by the process server and that the petitioner Frank Yankovic was the person upon whom the service was made. Photographs were identified and admitted in evidence.
Respondents alleged in their answer, inter alia:
“b. That after extended examination of the witnesses by counsel for both parties, and after careful consideration of the affidavits, exhibits, and testimony, the mat *136 ter was resolved adversely to complainant and his Motion to Quash was denied.”
The petitioner has not taken issue with the facts set forth in the answer of respondents.
The respondent court and the judge thereof considered a disputed issue of fact and held that the service of summons had been made upon the petitioner.
The rule accordingly is discharged.
Mr. Justice Sutton not participating.